# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY D. HOUSE,**

    **Plaintiff,**

 v.                                                                                            **Case No. 24-CV-344**

**RACINE COUNTY, HALEY BEREN,
and JOHN DOE,**

    **Defendants.**

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING THE COMPLAINT

On March 20, 2024, Jeffrey D. House filed a complaint alleging the defendants violated his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1). This matter is now before the court on House's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 3) and for screening of his complaint.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine

whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to House's motion, he is unemployed and has no income or assets. (ECF No. 3.) As such, the court concludes that he is unable to pay the filing fee and turns to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because House is representing himself, the court construes his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2

*House's Allegations*

House alleges that while he was a pretrial detainee in Racine County Jail, Haley Beren, a clerk of court for Racine County, distributed "his mail to an address plaintiff could not in fact receive notice" of a court hearing for an unrelated litigation. (ECF No. 1 at 3.) He also alleges that Racine County staff arranged for this in retaliation for a lawsuit he filed against a Racine Police Officer. (*Id.*) He further states that while incarcerated in the Jail he was prevented from getting his mail. (*Id.* at 4.)

*Analysis*

House potentially has viable claims, but he does not name a defendant who can be held liable for tampering with his mail and retaliating against him. While he lists a John Doe in the caption, he does not explain what position the John Doe was in or what he did or did not do to violate House's constitutional rights. He also sues Racine County, but because he seeks only monetary damages and does not allege a policy, pattern, or practice that causes the constitutional violation, Racine County cannot be held liable. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Neither can Haley Beren be held liable because she is a clerk of court, which is a "quasi-judicial" office. As such, she enjoys immunity from liability the same as a judge does pursuant to Wisconsin state law. *See Griffin v. Wisconsin*, No. 07-1653, 2007 WL 2913892, at *2 (7th Cir. Oct. 5, 2007) (citing Wis. Stat. § 757.68 (authorizing appointment of court commissioners) and Wis. SCR 75.02 (authorizing court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit")); *see also Crenshaw v. Baynerd*, 180 F.3d

3

866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability).

Thus, House fails to state a claim. The Seventh Circuit has emphasized, however, that the district court generally must afford a plaintiff at least one opportunity to amend his complaint. If House so chooses, he may file an amended complaint by **June 18, 2024** and describe plainly with short clear statements of fact how he believes Jail officials tampered with his mail and retaliated against him. If House does not know the name of the Jail official, he may use a Doe placeholder, but the court still needs to be able to tell what that individual Doe defendant did or did not do to violate House's constitutional rights. He is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it. If an amended complaint is not received, the court will dismiss the action based on House's failure to state a claim in his original amended complaint. The court will enclose an amended complaint form along with this decision. House must use the form. If he needs more space, he may attach up to five additional pages.

**THEREFORE, IT IS ORDERED** that House' motion for leave to proceed without prepaying the filing fee (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that House may file an amended complaint that complies with the instructions in this order on or before **June 18, 2024**. If House files

an amended complaint by the deadline, the court will screen the amended complaint. If not, the court will dismiss his complaint for failure to state a claim.

House is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. House' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 29th day of May, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge