# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY D. HOUSE,

    Plaintiff,

v.                                      Case No. 24-CV-344

RACINE COUNTY,

    Defendant.

## ORDER SCREENING THE SECOND AMENDED COMPLAINT

On March 20, 2024, Jeffrey D. House filed a complaint alleging the defendants violated his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1). He was not incarcerated at the time he filed his complaint. On May 29, 2024, the court screened House's complaint, finding that he failed to state a claim upon which relief may be granted. (ECF No. 5.) However, the court gave House an opportunity to amend the complaint. That same day, House filed an amended complaint, which must have crossed in the mail with the court's screening order. (ECF No. 6.) On June 5, 2024, House filed a second amended complaint, (ECF No. 7), which the court will now screen.

## SCREENING THE SECOND AMENDED COMPLAINT

*Federal Screening Standard*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time

prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because House is representing

himself, the court construes his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*House's Allegations*

House alleges that Racine County had a policy which violated his constitutional rights because the policy prevented House from receiving a notice of a hearing. (ECF No. 7 at 2.) Under the policy, Racine County delivered the "notice of hearing to [an] address plaintiff could not reasonably been expected to retrieve it while detained in the Racine County jail." (*Id.*) As a result, House was denied access to the courts because he missed his hearing and suffered a loss of property, which resulted in House becoming unhoused for over two years. (*Id.* at 2-3.) House seeks monetary damages and an amendment to Racine County's eviction action policy to prevent this from occurring again. (*Id.* at 4.)

*Analysis*

House claims that Racine County's policy violated his constitutional rights. In order for a municipality to be liable for a plaintiff's constitutional violation, the plaintiff must allege that the violation was a result of a municipal policy or custom. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978)). This includes "governmental customs" that result in constitutional violations even though the "custom has not received formal approval through the body's official decision-making channels." *Id.* House sufficiently alleges a custom and policy and may proceed on a claim against Racine County. He states that as a result of Racine

3

County's policy regarding service of notice and eviction, his access to the courts was restricted and he suffered property loss. At this stage, this is sufficient to state a claim. However, House should note that he is limited to only receiving injunctive relief and cannot seek monetary damages. See *Spanish Action Comm. of Chi. v. City of Chi.,* 766 F.2d 315, 321 (7th Cir.1985); *see also City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (holding that punitive damages are not recoverable from a municipality under 42 U.S.C. § 1983 claim).

**THEREFORE, IT IS ORDERED** that that the U.S. Marshals Service shall serve a copy of the second amended complaint (ECF No. 7) and this order upon Racine County pursuant to Federal Rule of Civil Procedure 4. House is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give House information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that Racine County shall file a responsive pleading to the complaint within 60 days of service.

House is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. House's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 31st day of July, 2024.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge